IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DERRICK WALKER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:22-CV-0877-D |
| | § | |
| CRIMINAL INVESTIGATION | § | |
| UNIT/DALLAS FIELD OFFICE | § | |
| IRS, WILLIAM BYRD, and | § | |
| BILLY F. WILLIAMS, | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

In this removed action, *pro se* plaintiff Derrick Walker ("Walker") sues defendants Criminal Investigation Unit of the Dallas Field Office of the Internal Revenue Service (the "IRS"), William Byrd ("Byrd"),[1] and Billy F. Williams ("Williams"). The United States (the "government"), on behalf of Byrd and the IRS, now moves to dismiss Walker's claims against Byrd and the IRS under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, under Rule 12(b)(5) for insufficient service of process, and under Rule 12(b)(6) for failure to state a claim on which relief can be granted. For the reasons that follow, the court grants the government's motion to dismiss for lack of subject matter jurisdiction and dismisses Walker's action against Byrd and the IRS without prejudice by Rule 54(b) final

---

[1] Walker's amended petition actually refers to defendant "William Bryd," but the government maintains that this appears to be a typographical error because the IRS only employs a "William Byrd."

judgment entered today.[2]

I

Walker alleges that Williams is wrongfully using his social security number and identity. On December 6, 2021 Walker sent an affidavit to the IRS and Byrd, an employee of the IRS, asking them to provide relief from this identity theft. When Walker received no response to his affidavit, he sent a letter to the IRS and Byrd on December 27, 2021. Walker received no response, and he alleges that the IRS and Byrd are "allowing Respondent (Billy F. Williams) to continue to use the Petitioner's social security number and identification." Am. Pet. (ECF No. 1, Ex. 9) at ¶ 5.

Walker filed this lawsuit in state court in February 2022, and the government, on behalf of the IRS, removed the case to this court under, *inter alia*, 28 U.S.C. § 1442(a). The government now moves to dismiss Walker's actions against the IRS and Byrd for lack of subject matter jurisdiction. Walker has not responded to the motion, and the motion is now ripe. *See* N.D. Tex. Civ. R. 7.1. The court is deciding the motion on the briefs.

II

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). A Rule 12(b)(1) motion can mount either a facial or factual

---

[2]The government also moves to stay discovery pending the court's resolution of its motion to dismiss. Because the court is granting the government's motion to dismiss, it denies without prejudice as moot the May 16, 2022 motion to stay discovery.

challenge. *See, e.g.*, *Hunter v. Branch Banking & Tr. Co.*, 2013 WL 607151, at *2 (N.D. Tex. Feb. 19, 2013) (Fitzwater, C.J.) (citing *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. May 1981)).  When a party makes a Rule 12(b)(1) motion without including evidence, the challenge to subject matter jurisdiction is facial.  *Id.*  The court assesses a facial challenge as it does a Rule 12(b)(6) motion in that it "looks only at the sufficiency of the allegations in the pleading and assumes them to be true.  If the allegations are sufficient to allege jurisdiction, the court must deny the motion." *Id.* (citation omitted) (citing *Paterson*, 644 F.2d at 523).  "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction.  Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam) (citations omitted).

### III

The court concludes at the outset that Walker's claims against Byrd and the IRS arise under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680.

Although it is somewhat unclear what claims Walker is pleading in his amended petition, it does appear that Walker is alleging that Byrd and the IRS wrongfully failed to provide him relief from the fraud and identity theft that Williams allegedly committed.  To the extent Walker's amended petition states claims based on a negligent or wrongful act or omission by Byrd and the IRS related to their handling of this fraud and identity theft, his claims arise under the FTCA.  *See Brooks v. United States Dep't of Educ.*, 2019 WL 4279615, at *2 (N.D. Tex. Aug. 16, 2019) (Rutherford, J.) ("Although [plaintiff] does not

identify the FTCA by name in his Complaint, the FTCA is the exclusive remedy for suits against the government arising out of alleged torts."), *rec. adopted*, 2019 WL 4277042 (N.D. Tex. Sept. 10, 2019) (Fitzwater, J.).

The FTCA waives sovereign immunity for any

> negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). The remedy under the FTCA "for injury or loss of property, or personal injury . . . resulting from the negligent or wrongful act or omission of any employee of the Government while acing within the scope of his . . . employment is exclusive of any other civil action . . . ." 28 U.S.C. § 2679(b)(1); *see also In re Supreme Beef Processors, Inc.*, 468 F.3d 248, 252 (5th Cir. 2006) (en banc) ("Congress provided, in the FTCA, an exclusive vehicle for the assertion of tort claims for damages against the federal government."). Because the FTCA provides the exclusive remedy for Walker's injuries arising from the acts or omissions of Byrd and the IRS, his claims arise under the FTCA.

IV

The government contends that the court lacks subject matter jurisdiction over Walker's claims under the FTCA because the doctrine of derivative jurisdiction deprives this court of jurisdiction; Walker failed to exhaust his administrative remedies before filing suit; and Walker improperly named the IRS and Byrd as defendants, rather than the United States.

A

The government is correct that the doctrine of derivative jurisdiction mandates dismissal of this case for lack of subject matter jurisdiction.

Under the doctrine of derivative jurisdiction, "when a case is removed from state to federal court, the jurisdiction of the federal court is derived from the state court's jurisdiction." *Lopez v. Sentrillon Corp.*, 749 F.3d 347, 350 (5th Cir. 2014). "[W]here the state court lacks jurisdiction of the subject matter or the parties, the federal court acquires none, although in a like suit originally brought in a federal court it would have had jurisdiction." *Id.* (quotation omitted). This doctrine applies to cases removed under § 1442. *Id.* at 351. Accordingly, this court's jurisdiction is limited to that of the state court.

Federal district courts have exclusive jurisdiction over claims arising under the FTCA. *See* 28 U.S.C. § 1346(b)(1); *Lopez*, 749 F.3d at 351. In other words, state courts have no jurisdiction to adjudicate FTCA claims. "Thus where these claims are filed first in county court (a court that lacks jurisdiction to adjudicate such claims), the federal court to which the case is removed likewise lacks jurisdiction." *Guevara v. United States*, 2020 WL 1529005, at *3 (N.D. Tex. Mar. 31, 2020) (Fitzwater, J.); *see Wade v. Ray*, 2018 WL 10561503, at *2 (N.D. Tex. June 18, 2018) (McBryde, J.) (dismissing claims based on the doctrine of derivative jurisdiction because "plaintiff's claims against [the Federal Housing Administration] could only be asserted under the FTCA, over which the state court would have no jurisdiction"). Because Walker initially filed this suit in state court—which lacked jurisdiction over his claims under the FTCA—the court lacks subject matter jurisdiction over

Walker's claims under the FTCA.

B

The government is also correct that Walker failed to exhaust his administrative remedies before filing this suit in state court.

In order for this court to exercise jurisdiction over a claim under the FTCA, a plaintiff must first exhaust his administrative remedies pursuant to 28 U.S.C. § 2675. *See Life Partners Inc. v. United States*, 650 F.3d 1026, 1030 (5th Cir. 2011) (stating that exhaustion of administrative remedies "is a prerequisite to suit under the FTCA"). Section 2675 requires that, before filing suit, a "claimant shall have first presented the claim to the appropriate Federal agency" and obtained a final written denial of the claim. 28 U.S.C. § 2675(a). The failure of an agency to make a final disposition of a claim within six months is deemed a final denial. *Id.*

Even assuming *arguendo* that the affidavit that Walker sent to the IRS on December 6, 2021 properly presented his claim to the IRS, Walker does not allege that the IRS formally denied his claim. And it is clear from the record that Walker initially filed his suit in February 2022, well before six months had elapsed from the time he filed his affidavit.[3]

---

[3]Although the six month period has now elapsed, a plaintiff must exhaust his administrative remedies *prior* to filing his suit, not after doing so. *See Gregory v. Mitchell*, 634 F.2d 199, 204 (5th Cir. Jan. 1981) (rejecting argument "that the six month requirement is now meaningless because the period has already run"); *see also Pingree v. United States*, 1999 WL 714759, at *3 (N.D. Tex. Sept. 14, 1999) (Fitzwater, J.) ("It is well settled that a plaintiff suing under the FTCA must exhaust his administrative remedies *before* initiating suit, not after doing so." (emphasis in original)).

Because Walker failed to exhaust his administrative remedies before filing suit, the court lacks jurisdiction over his claims against Byrd and the IRS. *See Mendoza v. United States*, 2020 WL 6737871, at *4 (N.D. Tex. Nov. 17, 2020) (O'Connor, J.) (dismissing case for lack of jurisdiction because plaintiff filed suit fewer than two months after he filed his administrative complaint with the agency).

C

Finally, the court agrees that it lacks subject matter jurisdiction because Walker improperly named the IRS, a federal agency, and its employee, Byrd, as defendants, rather than the United States.

The only proper defendant in an FTCA action is the United States, and "an FTCA claim against a federal agency or employee as opposed to the United States itself must be dismissed for want of jurisdiction." *Galvin v. OSHA*, 860 F.2d 181, 183 (5th Cir. 1988); *see Walters v. Smith*, 409 Fed. Appx. 782, 783 (5th Cir. 2011) (per curiam) ("It is well established that FTCA claims may be brought against only the 'United States,' and not the agencies or employees of the United States."). Because Walker names the IRS and Byrd as defendants—not the United States—his claims against the IRS and Byrd must be dismissed for lack of subject matter jurisdiction.

Accordingly, the court dismisses Walker's actions against the IRS and Byrd for lack of subject matter jurisdiction. Because the court is dismissing these actions on this ground, it does not reach the government's argument that Walker's complaint should be dismissed under Rule 12(b)(5) for insufficient service of process or its motion to dismiss his claims

under Rule 12(b)(6) for failure to state a claim on which relief can be granted.

\* \* \*

For the reasons explained, the court grants the government's motion to dismiss and dismisses Walker's action against Byrd and the IRS without prejudice[4] by Rule 54(b) final judgment entered today. The court denies without prejudice as moot the government's May 16, 2022 motion to stay discovery.

**SO ORDERED**.

June 7, 2022.

‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ _____
‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ SIDNEY A. FITZWATER
‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ SENIOR JUDGE

---

[4]When a district court lacks jurisdiction over a plaintiff's action under the FTCA, it is "without authority to dismiss the claims with prejudice because '[a] dismissal with prejudice is a final judgment on the merits' of a case." *Campos v. United States*, 888 F.3d 724, 738 (5th Cir. 2018) (alteration in original) (quoting *Brooks v. Raymond Dugat Co.*, 336 F.3d 360, 362 (5th Cir. 2003)) (dismissing FTCA claim without prejudice for lack of subject matter jurisdiction after holding that sovereign immunity had not been waived); *see also Nevarez Law Firm, P.C. v. Dona Ana Title Co.*, 708 Fed. Appx. 186, 187 (5th Cir. 2018) (per curiam) ("[T]o dismiss with prejudice under Rule 12(b)(1) is to disclaim jurisdiction and then exercise it." (citation omitted)). Accordingly, the court concludes that Walker's actions against the IRS and Byrd should be dismissed without prejudice.