IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DERRICK WALKER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:22-cv-00877-D |
| | § | |
| CRIMINAL INVESTIGATION | § | |
| UNIT/DALLAS FIELD OFFICE | § | |
| IRS, WILLIAM BYRD, and BILLY | § | |
| F. WILLIAMS, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS
OF THE UNITED STATES MAGISTRATE JUDGE**

On June 7, 2022, the District Court dismissed without prejudice for lack of subject matter jurisdiction Plaintiff Derrick Walker's claims against Defendants Criminal Investigation Unit of the Dallas Field Office of the Internal Revenue Service (IRS) and William Byrd. Mem. Op. & Order 5-8 (ECF No. 8); J. I, at 1 (ECF No. 9). Then, on July 15, 2022, the Court dismissed Walker's claims against Defendant Billy F. Williams for failure to effect proper service. Order 1 (ECF No. 12). On August 30, 2002, Walker filed a Motion to Reopen Case Proceedings (ECF No. 14) and, later, he filed a Motion to Add Additional Information and the Defendant United States to Proceeding (ECF No. 17). As explained in these Findings, Conclusions, and Recommendation of the United States Magistrate Judge, the Court should construe Walker's Motion to Reopen as a Rule 60(b)

1

Motion and deny the relief requested. The Court also should deny Walker's Motion to Add Additional Information and the Defendant United States to Proceeding.

The Federal Rules of Civil Procedure "do[] not expressly recognize a 'motion for reconsideration.'" *T.B. by and through Bell v. Nw. Indep. Sch. Dist.*, 980 F.3d 1047, 1051 (5th Cir. 2020). Instead, "[a] motion asking the court to reconsider a prior ruling is evaluated either as a motion to 'alter or amend a judgment' under Rule 59(e) or as a motion for 'relief from final judgment, order or proceeding' under Rule 60(b)." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012). The court determines the applicable rule based on when the motion was filed. *Id.* "If the motion was filed within twenty-eight days after the entry of the judgment, the motion is treated as though it was filed under Rule 59, and if it was filed outside of that time, it is analyzed under Rule 60." *Id.* Here, Walker filed his Motion to Reopen Case Proceedings on August 30, 2022—forty-six days after entry of the most recent judgment. Therefore, the Court should analyze the Motion under Rule 60(b).

Under Rule 60(b), grounds for relief from judgment include:

(1)  mistake, inadvertence, surprise, or excusable neglect;

(2)  newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3)  fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4)  the judgment is void;

> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)-(6). Relief under Rule 60(b) is considered an extraordinary remedy, and the need for predictability mandates caution in reopening judgments. *In re Pettle*, 410 F.3d 189, 191 (5th Cir. 2005). The movant bears the burden of establishing at least one of the Rule 60(b) requirements to obtain relief. *Harrison v. Baylor Univ. Med. Ctr.*, 2018 WL 7048085, at *2 (N.D. Tex. Dec. 21, 2018), *adopted by* 2019 WL 202325 (N.D. Tex. Jan 15, 2019).

In this case, none of the first five grounds for relief from judgment are applicable. Walker does not contend the judgments dismissing his claims resulted from any mistake, inadvertence, surprise, or excusable neglect on his part or any fraud, misrepresentation, or misconduct on the part of any Defendant. Nor does he assert the judgments are void or have been vacated. He also does not argue that he has new evidence that could not have been discovered earlier. Thus, he must rely on Rule 60(b)(6) which is a catch-all provision allowing reconsideration for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). But Rule 60(b)(6) relief is only available in "extraordinary circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). Such circumstances "may include, in an appropriate case, the risk of injustice to the parties and the risk of undermining the public's confidence in the judicial process." *Buck v. Davis*, 137 S. Ct. 759, 778 (2017) (internal quotation marks and citations omitted).

In support of his Motion, Walker mostly reasserts the same arguments he made in his original petition, and he does not substantively address any of the reasons the Court provided for dismissal. *Compare* Pl.'s Am. Compl. 1-3 (ECF No. 1-9) *with* Pl.'s Mot. Reopen 1-3 (ECF No. 14) (making similar arguments regarding alleged fraud). But making the same arguments does not suffice as grounds to grant a Rule 60(b)(6) motion. *See Wanken v. Wanken*, 511 F. App'x 363, 366 (5th Cir. 2013) (noting that an attempt to make the same argument is not grounds for relief under Rule 60(b)(6)).

As explained in the Court's prior orders, Walker filed his lawsuit in state court against the IRS and Billy Williams for purported torts arising out of Williams's alleged fraudulent use of Walker's social security number. Mem. Op. & Order 2. He later added IRS employee William Byrd as a defendant. Pl.'s Am. Compl. 1. After the government removed the case to federal court, the Court dismissed Walker's claims against the IRS and Byrd under the derivative jurisdiction doctrine because the Federal Tort Claims Act (FTCA) confers exclusive jurisdiction over Walker's claims in federal courts. Mem. Op. & Order 4-5. The Court also found Walker failed to exhaust his administrative remedies, and he sued the wrong party by not naming the United States as a defendant. *Id.* at 6-7. The Court dismissed Walker's claims against Williams because Walker failed to timely serve Williams. J. II, at 1 (ECF No. 13) Walker has not identified any "extraordinary circumstances" that justify Rule 60(b) relief.

Walker's firm belief that the government's removal to federal court was improper is simply not sufficient to warrant relief under Rule 60(b)(6). "The broad power granted by clause (6) is not for the purpose of relieving a party from free, calculated, and deliberate choices" a party makes. *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993). Walker made the deliberate choice to bring his action in state court and there is nothing to suggest that the government's removal was inappropriate. Therefore, his Motion to Reopen Case Proceedings should be denied.

In a second motion, Walker seeks to add additional information to bolster his allegations and add the United States as a defendant. Pl.'s Mot. Add Info. 2 (ECF No. 17). However, "[w]hen a district court dismisses an action and enters a final judgment, . . . a plaintiff may request leave to amend only by either appealing the judgment, or seeking to alter or reopen the judgment under Rule 59 or 60." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 n.1 (5th Cir. Nov. 1981)). Because the Rule 60(b) Motion should be denied, so too should this Motion to amend the parties or add additional information as it is an impermissible motion to reopen the judgment.

The District Court should DENY the Motion to Reopen Case Proceedings (ECF No. 14) and should DENY the Motion to Add Additional Information and the Defendant United States to Proceeding (ECF No. 17).

**SO RECOMMENDED**.

October 25, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Svcs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).